

**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**TRIAL DIVISION - CIVIL**
**OFFICE OF JUDICIAL RECORDS**

Eric Feder
Deputy Court Administrator
Director, Office of Judicial Records

Steven J. Wulko, Deputy Director
Anjeza Keirstead, Deputy Director

# RECORD RECEIPT

Philadelphia Case Number: 220802781

Dear Sir/Madam:

The enclosed case(s) have been **REMOVED** from the **COURT OF COMMON PLEAS, PHILADELPHIA COUNTY** to the **US DISTRICT COURT, EASTERN DISTRICT OF PENNSYLVANIA,** under 2:22-cv-03975.

Accordingly, I am enclosing all related filings.

Please return this receipt addressed to:

> **Office of Judicial Records of**
> **Philadelphia County**
> **Records Management**
> **Room 264, City Hall**
> **Philadelphia, PA  19107**

If you have any questions, please feel free to contact me at 215-686-7008.

Office of Judicial Records

```
REPORT : ZDRDOCT                First Judicial District         PAGE      1
USER ID: DXS                    CIVIL DOCKET REPORT             RUN DATE 10/07/22
                                CASE ID 220802781              RUN TIME 03:04 PM


--------------------------------------------------------------------------------
CASE NUMBER           CASE CAPTION
220802781             SAGNA VS CATAPULT HEALTH PA

FILING DATE           COURT       LOCATION   JURY
24-AUG-2022           CL          CH         J

CASE TYPE: CLASS ACTION
STATUS: NOT OF REMOVAL TO US DIST CT
CROSS REFERENCE: DC 2022CV03975


Seq # Assoc Expn Date    Type  ID          Party Name / Address & Phone No.

1                        APLF  A312533     FUNDORA RODRIGUEZ, CAMILLE
                                             1818 MARKET STREET
                                             SUITE 3600
                                             PHILADELPHIA PA 19103
                                             (215)875-3000
                                             (215)875-4604 - FAX
                                             crodriguez@bm.net

2     1                  PLF   @11444972    SAGNA, CHERITA
                                             11610 FARMVILLE ROAD
                                             MEHERRIN VA 23954

3     6                  DFT   @11444973    CATAPULT HEALTH PA
                                             5294 BELT LINE ROAD, SUITE 200
                                             DALLAS TX 75254

4                        TL    J519         PATRICK, PAULA
                                             CITY HALL
                                             ROOM 481
                                             PHILADELPHIA PA 19107
                                             (215)686-8338
                                             (215)686-8395 - FAX

5     1                  APLF  A308410      JOSEPHSON, MICHAEL A
                                             11 GREENWAY PLAZA
                                             STE.  3050
                                             HOUSTON TX 77046
                                             (713)352-1100
                                             (713)352-3300 - FAX
                                             mjosephson@mybackwages.com

6                        ADFT  A327855      MCCARRON, TANNER
                                             THREE PARKWAY
                                             1601 CHERRY ST.
                                             STE.  1400
                                             PHILADELPHIA PA 19102
                                             (267)402-3000
                                             (267)402-3131 - FAX
                                             tmccarron@littler.com
```

```
REPORT : ZDRDOCT                First Judicial District          PAGE       3
USER ID: DXS                     CIVIL DOCKET REPORT          RUN DATE 10/07/22
                                 CASE ID 220802781            RUN TIME 03:04 PM


Filing Date / Time   Docket Entry                              Date Entered
                     BEHALF OF CATAPULT HEALTH PA)

26-SEP-22 12:14:21   ENTRY OF APPEARANCE                         26-SEP-22
                                                           HANK ESQ, MATTHEW J
                     ENTRY OF APPEARANCE OF MATTHEW J HANK FILED.   (FILED ON
                     BEHALF OF CATAPULT HEALTH PA)

06-OCT-22 11:27:21   NOT OF REMOVAL TO US DIST CT                 06-OCT-22
                                                           HANK ESQ, MATTHEW J
                     NOTICE OF REMOVAL TO THE U.S.  (EASTERN) DISTRICT COURT
                     UNDER 2:22-CV-03975.  (FILED ON BEHALF OF CATAPULT
                     HEALTH PA)



                          * * * End of Docket * * *
```

CERTIFIED FROM THE RECORD OF  OCT 0 7 2022
ERIC FEDER
DIRECTOR, OFFICE OF JUDICIAL RECORDS
PHILADELPHIA COUNTY

BY

SAGNA VS CATAPULT HEALTH PA

220802781


Docket:        COMMENCEMENT CIVIL ACTION JURY

               AUGUST 24, 2022 16:45:41

Sequence:   2

**File:** 1    Final Cover

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| | For Prothonotary Use Only (Docket Number) |
|---|---|
| | **AUGUST 2022**     **002781** <br> E-Filing Number: 2208050693 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| CHERITA SAGNA | CATAPULT HEALTH PA |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 11610 FARMVILLE ROAD <br> MEHERRIN VA 23954 | 5294 BELT LINE ROAD, SUITE 200 <br> DALLAS TX 75254 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION | | |
|---|---|---|---|---|
| 1 | 1 | ☒ Complaint <br> ☐ Writ of Summons | ☐ Petition Action <br> ☐ Transfer From Other Jurisdictions | ☐ Notice of Appeal |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less <br> ☒ More than $50,000.00 | ☐ Arbitration <br> ☐ Jury <br> ☐ Non-Jury <br> ☒ Other: CLASS ACTION | ☐ Mass Tort <br> ☐ Savings Action <br> ☐ Petition | ☐ Commerce <br> ☐ Minor Court Appeal <br> ☐ Statutory Appeals | ☐ Settlement <br> ☐ Minors <br> ☐ W/D/Survival |

| CASE TYPE AND CODE |
|---|
| C1 - CLASS ACTION |

| STATUTORY BASIS FOR CAUSE OF ACTION |
|---|
| |

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | FILED <br> PRO PROTHY <br> AUG 24 2022 <br> E. HAURIN | IS CASE SUBJECT TO COORDINATION ORDER? <br> YES     NO |
|---|---|---|

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>CHERITA SAGNA</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| CAMILLE FUNDORA RODRIGUEZ | 1818 MARKET STREET <br> SUITE 3600 <br> PHILADELPHIA PA 19103 |
| **PHONE NUMBER** (215)875-3000    **FAX NUMBER** (215)875-4604 | |
| SUPREME COURT IDENTIFICATION NO. <br> 312533 | E-MAIL ADDRESS <br> crodriguez@bm.net |
| SIGNATURE OF FILING ATTORNEY OR PARTY <br> *CAMILLE FUNDORA RODRIGUEZ* | DATE SUBMITTED <br> Wednesday, August 24, 2022, 04:45 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

SAGNA VS CATAPULT HEALTH PA

220802781


Docket:        COMPLAINT FILED NOTICE GIVEN

               AUGUST 24, 2022 16:45:41

Sequence:    3

**File:** 1    Catapult-Sagna - Original Complaint (PA State).pdf

IN THE COURT OF COMMON PLEAS
PHILADELPHIA COUNTY, PENNSYLVANIA
CIVIL DIVISION

*Filed and Attested by the Office of Judicial Records 24 AUG 2022 04:45 pm E. HAURIN*

| | |
|---|---|
| CHERITA SAGNA, Individually and for Others Similarly Situated, | § CIVIL ACTION-LAW<br>§<br>§ Case No. 2208050693 |
| Plaintiff, | § |
| v. | § PLAINTIFF'S ORIGINAL<br>§ CLASS ACTION COMPLAINT |
| CATAPULT HEALTH PA | § |
| | § Filed on behalf of Plaintiff,<br>§ Cherita Sagna |
| Defendant | § |
| | § Counsel of Record for this Party:<br>§ Michael A. Josephson<br>§ PA I.D. # 308410 |
| | § |
| | § Josephson Dunlap LLP<br>§ 11 Greenway Plaza, Ste. 3050<br>§ Houston, Texas 77046<br>§ Phone: (713) 352-1100<br>§ Facsimile: (713) 352-3300 |
| | § |
| | § JURY TRIAL DEMANDED |

### NOTICE TO DEFEND

YOU HAVE BEEN SUED IN COURT. IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THIS COMPLAINT AND NOTICE ARE SERVED, BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. YOU ARE WARNED IF YOU FAIL TO DO SO, THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED IN THE COMPLAINT OR FOR ANY CLAIM OR RELIEF REQUESTED BY THE PLAINTIFF. YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER (OR CANNOT AFFORD ONE), GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW (TO FIND OUT WHERE YOU CAN GET LEGAL HELP). THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

OFFICE OF THE PROTHONOTARY
PHILADELPHIA CITY HALL
284 CITY HALL
PHILADELPHIA, PA 19107
(215) 686-6652

-1-

Case ID: 220802781

IN THE COURT OF COMMON PLEAS
PHILADELPHIA COUNTY, PENNSYLVANIA
CIVIL DIVISION

| | |
|---|---|
| CHERITA SAGNA, Individually and for Others Similarly Situated, | § CIVIL ACTION-LAW |
| | § |
| | § Case No. 2208050693 |
| Plaintiff, | § |
| v. | § PLAINTIFF'S ORIGINAL |
| | § CLASS ACTION COMPLAINT |
| CATAPULT HEALTH PA | § |
| | § Filed on behalf of Plaintiff, |
| Defendant | § Cherita Sagna |
| | § |
| | § Counsel of Record for this Party: |
| | § Michael A. Josephson |
| | § PA I.D. # 308410 |
| | § |
| | § Josephson Dunlap LLP |
| | § 11 Greenway Plaza, Ste. 3050 |
| | § Houston, Texas 77046 |
| | § Phone: (713) 352-1100 |
| | § Facsimile: (713) 352-3300 |
| | § |
| | § JURY TRIAL DEMANDED |

## ORIGINAL CLASS ACTION COMPLAINT

1.     Plaintiff Cherita Sagna (Sagna) brings this lawsuit pursuant to Pa. R. C. P. 1701, *et seq.*, to recover unpaid overtime wages and other damages from Defendant Catapult Health PA (Catapult) for herself and all others similarly situated under the Pennsylvania Minimum Wage Act (PMWA), 43 Pa. Stat. Ann. § 333.104.

2.     Catapult Health PA (Catapult) failed to pay Sagna and other similarly situated workers like her overtime as required under Pennsylvania law.

3.     Instead, Catapult failed to pay Sagna and other similarly situated workers for all compensable hours (including those in excess of 40 in a workweek) and improperly reduced the number of regular and overtime hours it paid them.

Case ID: 220802781

## JURISDICTION AND VENUE

4.     Pursuant to Pa. R. C. P. 1006, venue is proper in this Court because Defendant regularly conducts business in Philadelphia County, Pennsylvania. *See* 246 Pa. Code Rule 302(C)(2).

5.     Additionally, venue is proper before this Court because Catapult operates in Philadelphia County, Pennsylvania and because a substantial portion of the events giving rise to this action occurred in Philadelphia County, Pennsylvania.

## THE PARTIES

6.     Sagna was an hourly employee of Catapult and worked for Catapult from approximately July 2019 until September 2020 throughout various states, including Pennsylvania.

7.     Catapult excluded and mischaracterized certain compensable hours Sagna and the Class Members worked from the hours it used to calculate their pay, improperly reducing the number of weekly regular and overtime hours it paid them.

8.     Sagna brings this action individually and on behalf of hourly workers that worked for or on behalf of Catapult Health PA in the past three years in Pennsylvania, who were not paid for all hours worked, including both regular and overtime hours (collectively referred to as the Class Members).

9.     Sagna brings this action on behalf of herself and the class of all similarly situated employees (Class Members), properly defined as:

> **All current and former hourly workers that worked for or on behalf of Catapult Health PA in the past three years in Pennsylvania, who (1) were not paid for all hours worked, including both regular and overtime hours; or (2) were not paid overtime at the correct blended rate. (Class Members).[1]**

---

[1] The PMWA applies to Pennsylvania workers, regardless of the state in which the work is performed. *Truman v. DeWolff, Boberg & Assocs., Inc.*, No. 07-01702, 2009 WL 2015126, at *2 (W.D. Pa. July 7, 2009) ("In light of the FLSA's explicit recognition that states may offer greater protections to its employees than the FLSA, we are reluctant to find an unstated foreign-work exemption in the PMWA based solely on the fact that the FLSA contains such an exemption."). Courts apply a five-factor test for purposes of the PMWA and WPCL to determine whether workers are based in Pennsylvania, which

Case ID: 220802781

10.     The Class Members are easily ascertainable from Defendant's business and personnel records.

11.     Catapult Health PA is a Texas Professional Association doing business throughout the United States. Catapult may be served by serving its registered agent: David L. Michel, 5294 Belt Line Road, Suite 200, Dallas, TX 75254.

## THE FACTS

12.     Catapult provides in-person and virtual healthcare services to patients across the United States.[2]

13.     Sagna worked for Catapult as a Travelling Health Technician from approximately July 2019 until September 2022.

14.     Sagna worked for Catapult at various locations throughout the country, including Pennsylvania, Virginia, North Carolina, and Texas.

15.     As a Travelling Health Technician, Sagna administered the testing and screening of patients during their appointments with Catapult's healthcare providers and reported all patient information into Catapult's EMR (Electronic Medical Record) system.

16.     Although Sagna and the Class Members were regularly scheduled to work 9-hour shifts, they would frequently be required to work more than their scheduled shift.

17.     As a Travelling Health Technician, Sagna was regularly required "to report to work as early as 4 AM and end as late as 5 PM."[3]

---

include (1) Employer's headquarters; (2) Employee's physical presence working in Pennsylvania; (3) Extent of employee's contact with Pennsylvania Employer, *i.e.* reporting, direction, supervision, hiring, assignment, and termination; (4) employee's residence; and (5) Employee's ability to bring his claim in another forum. *See Matthews v. BioTelemtry, Inc.*, No. CV 18-561, 2018 WL 3648228, at *3 (E.D. Pa. July 31, 2018).

[2] *See* https://www.catapulthealth.com/virtualcheckup/ (last visited June 20, 2022).

[3] *See* https://www.linkedin.com/jobs/view/traveling-health-technician-dallas-tx-at-catapult-health-3014862265/ (last visited June 20, 2022).

Case ID: 220802781

18.     As a Travelling Health Technician, Sagna was regularly required "to travel overnight for at least 3 days (2 nights away) per week, consecutively."[4]

19.     As a Travelling Health Technician, Sagna was regularly required to travel "to and from events within a 100-mile radius."[5]

20.     Sagna reported the hours she worked to Catapult on a regular basis, including her travel time.

21.     Even though Sagna and the Class Members reported her hours worked (including travel time), Catapult did not pay them for all hours worked.

22.     If Sagna worked fewer than 40 hours in a week, she was only paid for the hours worked.

23.     If Sagna's combined work and travel time in a day exceeded 10 hours, she was only paid for 10 hours.  For example, if Sagna traveled 8 hours to a job location and worked for 8 hours that day, Sagna would only be compensated for 2 hours of travel time and 8 hours of work time.

24.     Sagna regularly worked over 40 hours in a week.  In fact, Sagna routinely worked 50 hours per week. The hours Sagna and the Class Members (defined above) work are reflected and recorded in Catapult's pay and time records.

25.     Catapult routinely failed to carefully and exactly record the hours their employees spent performing work on their behalf.

26.     Catapult regularly mischaracterized the type of work performed by its employees (including Sagna) to avoid paying them in full for all of the hours they worked, including their overtime hours.

---

[4] *Id.*
[5] *Id.*

Case ID: 220802781

27.    Catapult improperly paid Sagna and the Class Members at two or more different rates of pay in a single workweek and failed to accurately pay these workers using a legal blended rate.

28.    Instead, Catapult paid two different rates for overtime worked—clinic rates and variable rates—a practice which artificially reduced the amount of overtime the worker received each week.

29.    Additionally, Catapult failed to pay Sagna and the Class Members for all of the work they performed, specifically for:

    a.    Overnight travel away from their home community;
    b.    Travelling to and from special one-day assignments in another city;
    c.    Travelling to, from, and between job locations;
    d.    Work performed while travelling;
    e.    Attending mandatory training and compliance sessions;

30.    Catapult uniformly applied its illegal policy of excluding certain hours from compensation to Sagna and the Class Members, regardless of their specific job title or duties.

31.    Catapult's payment scheme violates the PMWA.

32.    Catapult did not pay Sagna and the Class Members at their regular rate for all hours worked up to 40 in a workweek.

33.    Catapult did not pay Sagna and the Class Members at time and a half for all hours worked over 40 in a workweek.

34.    Catapult was and is aware of the overtime requirements of the PMWA.

35.    Catapult nonetheless fails to pay certain employees, such as Sagna, overtime.

36.    Catapult's failure to pay overtime to these workers was, and is, a willful violation of the PMWA.

Case ID: 220802781

## CLASS ACTION ALLEGATIONS

37.    Sagna brings his claim under the PMWA as a class action. *See* 231 Pa. R. C. P. 1701, *et seq.* The Class Members are similarly situated to Sagna in all relevant respects.

38.    The Class Members were victimized by Defendant's uniform pay policy which is in violation of the PMWA.

39.    Other Class Members worked with Sagna and indicated they were paid in the same manner (without overtime and for less than all hours worked).

40.    Other Class Members worked with Sagna, and they performed similar right of way services for Defendant.

41.    Indeed, other Class Members worked with Sagna, and, regardless of their precise job title, their job duties were to perform right of way services in accordance with Defendant's policies, procedures, plans, and regulations.

42.    Based on his experiences with Defendant, Sagna is aware that Defendant's illegal pay plan was imposed on the Class Members.

43.    The Class Members are similarly situated in all relevant respects.

44.    Even if their precise job duties varied somewhat, these differences do not matter for the purposes of determining their entitlement to overtime.

45.    All the Class Members were not paid for all of their work, including overtime hours worked.

46.    All of the Class Members worked for Defendant in Pennsylvania and/or were based out of Pennsylvania while they worked for Defendant.

47.    The illegal payment scheme that Defendant imposed on Sagna was likewise imposed on all Class Members.

Case ID: 220802781

48.    Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the PMWA.

49.    The Class Members were similarly denied overtime when they worked more than 40 hours per week.

50.    The overtime owed to Sagna and the Class Members will be calculated using the same records.

51.    The overtime owed to Sagna and the Class Members will be calculated using the same formula.

52.    Sagna's experiences are therefore typical of the experiences of the Class Members.

53.    The specific job titles or precise job locations of the various members of the class do not prevent a class action.

54.    Sagna has no interest contrary to, or in conflict with, the Class Members that would prevent a class action.

55.    Like each Class Member, Sagna has an interest in obtaining the unpaid overtime wages owed under the PMWA.

56.    A class action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

57.    Absent a class action, many Class Members will not obtain redress of their injuries.

58.    Absent a class action, Defendant will reap the unjust benefits of violating the PMWA.

59.    Further, even if some of the Class Members could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system.

60.    Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Class Members, as well as provide judicial consistency.

Case ID: 220802781

61.    The questions of law and fact that are common to each Class Member predominate over any questions affecting solely the individual members.

62.    Among the common questions of law and fact are:

    a.    Whether Defendant's decision to not pay for all hours worked violated the PMWA;

    b.    Whether Defendant's failure to pay overtime at the correct blended rate violated the PMWA;

    c.    Whether Defendant's decision to not pay overtime compensation to these workers was made in good faith; and

    d.    Whether Defendant's illegal pay practice applied to all Class Members.

    e.    Sagna and the Class Members sustained damages arising out of Defendant's illegal and uniform compensation policy.

63.    Sagna knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class action.

64.    Defendant is liable under the PMWA for failing to pay overtime to Sagna and the Class Members.

65.    Consistent with Defendant's illegal pay plan, Sagna and the Class Members were not paid the proper premium overtime compensation when they worked more than 40 hours in a workweek.

66.    As part of their regular business practices, Defendant intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the PMWA with respect to Sagna and the Class Members.

67.    Defendant's illegal payment scheme deprived Sagna and the Class Members of the premium overtime wages they are owed under Pennsylvania law.

Case ID: 220802781

68.    Defendant was aware, or should have been aware, that the PMWA required them to pay Sagna and the Class Members overtime premiums for all hours worked in excess of 40 hours per workweek.

69.    There are at least 100 similarly situated Class Members who have been denied overtime pay during the relevant time period in violation of the PMWA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

70.    Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

## VIOLATIONS OF THE PMWA

71.    Sagna brings this claim under the PMWA as a class action.

72.    The conduct alleged violates the PMWA (43 Pa. Stat. Ann. § 333.104).

73.    At all relevant times, Defendant was subject to the requirements of the PMWA.

74.    At all relevant times, Defendant employed Sagna and each Class Member with Pennsylvania state law claims as an "employee" within the meaning of the PMWA.

75.    The PMWA covers and applies to all Class Members working in and based out of Pennsylvania, including Sagna, even if those Class Members worked in states others than Pennsylvania. *See Truman v. DeWolff, Boberg & Assocs., Inc.*, No. CIV. 07-01702, 2009 WL 2015126, at *2 (W.D. Pa. July 7, 2009).

76.    Sagna and the Class Members all worked for Defendant in Pennsylvania and/or were based out of Pennsylvania while working for Defendant.

77.    The PMWA requires employers like Defendant to pay employees at one and one-half (1.5) times the regular rate of pay for hours worked in excess of 40 in any one week. Sagna and the Class Members are entitled to overtime pay under the PMWA.

Case ID: 220802781

78.     Sagna and each Class Member seek unpaid overtime in amount equal to 1.5 times the regular rate of pay for work performed in excess of 40 in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

79.     Sagna and each Class Member also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by Defendant, as provided by the PMWA.

## JURY DEMAND

80.     Sagna demands a trial by jury.

## RELIEF SOUGHT

81.     WHEREFORE, Sagna prays for judgment and all other legal and equitable relief they may be entitled, as follows:

a.  For an Order certifying the Class pursuant to 231 Pa. R. C. P. 1701, *et seq.*

b.  For an Order pursuant to PMWA finding Defendant liable for unpaid back wages due to Sagna and all the Class Members, attorney fees, costs, penalties, and pre- and post-judgment at the highest rates allowed by law; and

c.  For an Order granting such other and further relief as may be necessary and appropriate.

Dated: August 24, 2022

Respectfully submitted,

By:*/s/ Camille Fundora Rodriguez*
**Camille Fundora Rodriguez**
PA. I.D. No. 312533
crodriguez@bm.net
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
215-875-4635 – Telephone
215-875-4604 – Facsimile

**Michael A. Josephson**
PA I.D. No. 308410
mjosephson@mybackwages.com
**Andrew W. Dunlap**
Texas Bar No. 24078444

-11-

Case ID: 220802781

adunlap@mybackwages.com
**Taylor S. Montgomery**
Texas Bar No. 24106326
tmontgomery@mybackwages.com
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile

AND

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
rburch@brucknerburch.com
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile

**ATTORNEYS IN CHARGE FOR PLAINTIFF**

Case ID: 220802781

SAGNA VS CATAPULT HEALTH PA

220802781


Docket:          ENTRY OF APPEARANCE

                 SEPTEMBER 7, 2022 12:05:26

Sequence:    6

**File:** 1    00 Ps NOA.pdf

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA

Filed and Attested by the
Office of Judicial Records
07 SEP 2022 12:05 pm
E. HAURIN

| | |
|---|---|
| **CHERITA SAGNA, individually and on behalf of all class members** | **CIVIL ACTION-LAW** |
| **Plaintiff,** | **Case No. 220802781** |
| vs. | |
| **CATAPULT HEALTH PA** | **PRAECIPE FOR ENTRY OF APPEARANCE** |
| **Defendant.** | Filed on behalf of Plaintiff, Cherita Sagna |

Counsel of Record for this Party:

Michael A. Josephson, Esquire
PA I.D. # 308410

Josephson Dunlap LLP
11 Greenway Plaza, Ste. 3050
Houston, Texas 77046
Phone: (713) 352-1100
Facsimile: (713) 352-3300

**"JURY TRIAL DEMANDED"**

Case ID: 220802781

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| CHERITA SAGNA, individually and on behalf of all class members | § § § | CIVIL DIVISION<br>Case No. 220802781 |
| Plaintiff, | § § § | |
| | § | JURY TRIAL DEMANDED |
| vs. | § § | |
| CATAPULT HEALTH PA | § § | CLASS ACTION |
| | § | |
| Defendants. | § § § § § | |

## **PRAECIPE FOR ENTRY OF APPEARANCE**

Kindly enter my appearance on behalf of Plaintiff in addition to Camille Fundora Rodriguez, Esquire, with regard to the above captioned matter.

Respectfully Submitted,

*/s/ Michael A. Josephson*
**Michael A. Josephson**

2

## CERTFICATE OF SERVICE

The undersigned hereby certifies that, on this 7th day of September 2022, a true and correct copy of the forgoing PRAECIPE FOR ENTRY OF APPEARANCE was served by electronic mail upon all parties of record.

/s/ Michael A. Josephson
Michael A. Josephson, Esquire
Attorney for Plaintiff

3

SAGNA VS CATAPULT HEALTH PA

220802781


Docket:        AFFIDAVIT OF SERVICE FILED

               SEPTEMBER 13, 2022 14:44:24

Sequence:    7

**File:** 1    2022.09.07 Affdv of Svc - Catapult - Corrected.pdf

NO. 220802781

|  |  |  |
|---|---|---|
| CHERITA SAGNA | * | IN THE COURT OF |
| PLAINTIFF | * | |
|  | * | *Filed and Attested by the* |
|  | * | *Office of Judicial Records* |
| VS. | * | *13 SEP 2022 02:44 pm* |
|  | * | COMMON PLEAS OF |
|  | * | *B. MERCEDES* |
|  | * | |
|  | * | |
| CATAPULT HEALTH PA. | * | |
| DEFENDANTS | * | PHILADELPHIA COUNTY, PENNSYLVANIA |

### AFFIDAVIT OF SERVICE

BEFORE ME, the undersigned authority, on this day appeared
CRYSTAL STRONG after being duly sworn did upon oath state the following:

"My name is CRYSTAL STRONG I am over the age of eighteen (18) years and I am fully competent to testify to matters stated in this affidavit. I have personal knowledge of the facts and statements contained in this affidavit and each is true and correct. I am an authorized person to serve process in the state of Texas. I am not a party to the plaintiff/petitioner or the defendant/respondent in the matter, and am competent to make oath of the facts stated below."

Came to hand on the 7th day of SEPT 2022, at 1:00 o' clock P.M.

Executed at 5294 BELT LINE ROAD, SUITE 200, DALLAS, TEXAS within

the county DALLAS of at 1:36 o'clock P.M. on the 7th day of SEPTEMBER, 2022, by delivering to

the within named CATAPULT HEALTH PA, C/O DAVID L. MICHEL true copy of the PLAINTIFF'S

NOTICE TO DEFEND AND ORIGINAL CLASS ACTION COMPLAINT having first endorsed on the

same date of delivery.

Signed this 8 day of September, 2022.

By: _____
CRYSTAL STRONG
PSC#: 19712
Exp.3/31/2023

SUBSCRIBED AND SWORN TO BEFORE ME this ____8th____ day of

September, 2022.

_____
Notary Public, State of Texas

Page 1 of 1

SAGNA VS CATAPULT HEALTH PA

220802781


Docket:          CONFERENCE DATE SET

                 SEPTEMBER 13, 2022 14:58:04

Sequence:    9

**File:** 1    CLCDS_9.pdf

#10976411
10/07/22 03:26 PM

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

| | |
|---|---|
| SAGNA | August Term 2022 |
| VS | No. 02781 |
| CATAPULT HEALTH PA | |

DOCKETED

SEP 1 3 2022

R. POSTELL
COMMERCE PROGRAM

## *CLASS ACTION INITIATION ORDER*

***AND NOW***, Tuesday, September 13, 2022, plaintiffs having commenced a Class Action

which has been assigned to the Honorable PAULA PATRICK, it is hereby ***ORDERED*** as

follows:

1. All parties are directed to appear via Zoom for a Case Management Conference on 25-
   OCT-2022 at 11:45 AM.  The Commerce Case Management Zoom link is available on the
   Court's Website at:

   http://www.courts.phila.gov/livestreams/civil/hearings/

2. Five (5) days prior to the Zoom Conference, all parties are required to electronically file
   with the court, and to serve upon all opposing counsel and opposing parties who cannot be
   electronically served by the court, a fully completed Commerce Case Management
   Memorandum.  A copy of the Commerce Case Management Memorandum form may be
   found at:

   https://www.courts.phila.gov/pdf/forms/civil/01-111-Case-Management-Conference-
   Memorandum-Commerce.pdf

CLCDS-Sagna Vs Catapult Health Pa

22080278100009

3. To electronically file the Commerce Case Management Memorandum, access the "Existing Case" section of the court's electronic filing system. Select "Conference Submissions" as the filing category. Select "Management Memorandum" as the filing type.

4. In the Case Management Memorandum, counsel should describe in detail: the substance of plaintiffs' claims and defendants' defenses; whether certification or merits discovery should occur first; any procedural complications the parties anticipate may occur, such as venue or jurisdictional disputes, joinder of additional parties, requests for bifurcation, etc.; and any other information that will assist the Case Manager to determine how much time the parties need to conduct discovery during the certification and/or merits portion of the case.

5. Counsel shall also be prepared to discuss with the Case Manager at the Zoom Conference all of the issues listed in Paragraph 4 above.

6. Plaintiffs' counsel shall serve a copy of this Order upon all unrepresented parties and any attorney entering an appearance subsequent to the date of issuance of this Order.

*BY THE COURT:*

*PAULA PATRICK, J.*
*TEAM LEADER*
*CLASS ACTION PROGRAM*

SAGNA VS CATAPULT HEALTH PA

220802781


    Docket:      ENTRY OF APPEARANCE

                    SEPTEMBER 26, 2022 12:10:58


    Sequence:   11


**File:** 1   Sagna_Catapult - Entry of Appearance (McCarron).pdf

Matthew J. Hank, (PA #86086)
Tanner McCarron (PA #327855)
Littler Mendelson, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102.1321
267.402.3000

Attorneys for Defendant
Catapult Health PA

*Filed and Attested by the
Office of Judicial Records
26 SEP 2022 12:10 pm
G. IMPERATO*

| | | |
|---|---|---|
| CHERITA SAGNA, Individually and for Others Similarly Situated, | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| Plaintiff, | : | CIVIL ACTION – LAW |
| | : | |
| v. | : | No. 220802781 |
| | : | |
| CATAPULT HEALTH PA, | : | |
| | : | |
| Defendant. | : | |

## PRAECIPE FOR ENTRY OF APPEARANCE

**To the Prothonotary:**

Please enter the appearance of Tanner McCarron, Esquire as counsel for Defendant

Catapult Health PA in the above-captioned matter.

*s/ Tanner McCarron*

Matthew J. Hank, (PA #86086)
Tanner McCarron (PA #327855)
**LITTLER MENDELSON, P.C.**
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102.1321

Attorneys for Defendant
Catapult Health PA

Dated: September 26, 2022

Case ID: 220802781

## CERTIFICATE OF SERVICE

I, Tanner McCarron, hereby certify that I caused a copy of the foregoing **Praecipe for Entry of Appearance** to be served upon all parties of record in the underlying action via electronic filing and via first class mail:

Camille Fundora Rodriguez
crodriguez@bm.net
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103

Michael A. Josephson
mjosephson@mybackwages.com
Andrew W. Dunlap
adunlap@mybackwages.com
Taylor S. Montgomery
tmontgomery@mybackwages.com
JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046

Richard J. (Rex) Burch
rburch@brucknerburch.com
BRUCKNER BURCH PLLC
11 Greenway Plaza, Suite 3025
Houston, Texas 77046

*Attorneys for Plaintiff*

*s/ Tanner McCarron*
Tanner McCarron

Date: September 26, 2022

Case ID: 220802781

SAGNA VS CATAPULT HEALTH PA

220802781


Docket:        ENTRY OF APPEARANCE

               SEPTEMBER 26, 2022 12:14:21

Sequence:    12

**File:** 1    Sagna_Catapult - Entry of Appearance (Hank).pdf

Matthew J. Hank, (PA #86086)
Tanner McCarron (PA #327855)
Littler Mendelson, P.C.
Three Parkway
1601 Cherry Street, Suite 1400          Attorneys for Defendant
Philadelphia, PA  19102.1321            Catapult Health PA
267.402.3000

*Filed and Attested by the Office of Judicial Records 26 SEP 2022 12:14 pm G. IMPERATO*

| | | |
|---|---|---|
| CHERITA SAGNA, Individually and for Others Similarly Situated, | : | COURT OF COMMON PLEAS PHILADELPHIA COUNTY CIVIL ACTION – LAW |
| Plaintiff, | : | |
| v. | : | No. 220802781 |
| CATAPULT HEALTH PA, | : | |
| Defendant. | : | |

## PRAECIPE FOR ENTRY OF APPEARANCE

**To the Prothonotary:**

Please enter the appearance of Matthew J. Hank, Esquire as counsel for Defendant

Catapult Health PA in the above-captioned matter.

*s/ Matthew J. Hank*
Matthew J. Hank, (PA #86086)
Tanner McCarron (PA #327855)
**LITTLER MENDELSON, P.C.**
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA  19102.1321

Attorneys for Defendant
Catapult Health PA

Dated: September 26, 2022

Case ID: 220802781

## CERTIFICATE OF SERVICE

I, Matthew J. Hank, hereby certify that I caused a copy of the foregoing **Praecipe for Entry of Appearance** to be served upon all parties of record in the underlying action via electronic filing and via first class mail:

Camille Fundora Rodriguez
crodriguez@bm.net
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103

Michael A. Josephson
mjosephson@mybackwages.com
Andrew W. Dunlap
adunlap@mybackwages.com
Taylor S. Montgomery
tmontgomery@mybackwages.com
JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046

Richard J. (Rex) Burch
rburch@brucknerburch.com
BRUCKNER BURCH PLLC
11 Greenway Plaza, Suite 3025
Houston, Texas 77046

*Attorneys for Plaintiff*

*s/ Matthew J. Hank*
Matthew J. Hank

Date: September 26, 2022

Case ID: 220802781

SAGNA VS CATAPULT HEALTH PA

220802781


Docket:        NOT OF REMOVAL TO US DIST CT

               OCTOBER 6, 2022 11:27:21

Sequence:    13


**File:**  1    Sagna_Catapult - Notice of Filing of Notice of Removal
                (State Court).pdf
           2    Exhibit 1 - 2022-10-06 - ECF 1 - Notice of Removal.pdf

Matthew J. Hank, (PA #86086)
Tanner McCarron (PA #327855)
Littler Mendelson, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102.1321
267.402.3000

Attorneys for Defendant
Catapult Health PA

*Filed and Attested by the Office of Judicial Records 06 OCT 2022 11:27 am I. LOWELL*

| | | |
|---|---|---|
| CHERITA SAGNA, Individually and for Others Similarly Situated, | : : : | COURT OF COMMON PLEAS PHILADELPHIA COUNTY CIVIL ACTION – LAW |
| Plaintiff, | : : | |
| v. | : : | No. 220802781 |
| CATAPULT HEALTH PA, | : : | |
| Defendant. | : : | |

## NOTICE OF FILING OF NOTICE OF REMOVAL

TO:    Camille Fundora Rodriguez
crodriguez@bm.net
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103

Michael A. Josephson
mjosephson@mybackwages.com
Andrew W. Dunlap
adunlap@mybackwages.com
Taylor S. Montgomery
tmontgomery@mybackwages.com
JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046

Richard J. (Rex) Burch
rburch@brucknerburch.com
BRUCKNER BURCH PLLC
11 Greenway Plaza, Suite 3025
Houston, Texas 77046

Case ID: 220802781

Defendant Catapult Health PA ("Catapult") hereby gives notice to the Philadelphia County Court of Common Pleas, Civil Division, Commonwealth of Pennsylvania (the "Common Pleas Court") and counsel for Plaintiff Cherita Sagna as follows:

1.    Defendant has filed with the United States District Court for the Eastern District of Pennsylvania a Notice of Removal of Action.  A copy of the Notice of Removal of Action as it was filed with the federal court is attached hereto as Exhibit 1.

2.    Pursuant to the provisions of 28 U.S.C. § 1446(d), the filing of the Notice of Removal of Action by Defendant in the Eastern District of Pennsylvania effects the removal of this action from the Common Pleas Court's jurisdiction and the Common Pleas Court "shall proceed no further unless and until the case is remanded."  28 U.S.C. § 1446(d).

Respectfully submitted,

s/ Matthew J. Hank
Matthew J. Hank, (PA #86086)
Tanner McCarron (PA #327855)
**LITTLER MENDELSON, P.C.**
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA  19102.1321
mhank@littler.com
tmccarron@littler.com

Attorneys for Defendant
Catapult Health PA

Dated: October 6, 2022

Case ID: 220802781

## CERTIFICATE OF SERVICE

I, Tanner McCarron, hereby certify that on this 6th day of October 2022, the foregoing

Notice of Filing of Notice of Removal was filed using the Court's E-Filing System, through which

this document is available for viewing and downloading, causing a notice of electronic filing to be

served upon all counsel of record.


_s/ Tanner McCarron_____
Tanner McCarron

Case ID: 220802781

# EXHIBIT 1

Filed and Attested by the
Office of Judicial Records
06 OCT 2022 11:27 am
I. LOWELL

Case ID: 220802781

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| CHERITA SAGNA, Individually and for Others Similarly Situated, | : | |
| | : | Case No. _____ |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CATAPULT HEALTH PA, | : | |
| | : | |
| Defendant. | : | |

<u>**NOTICE OF REMOVAL**</u>

Defendant Catapult Health PA ("Catapult" or "Defendant") removes this case from the Court of Common Pleas of Philadelphia County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania under 28 U.S.C. §§ 1441, 1446, 1332(a), and § 1332(d). In support of this Notice of Removal ("Notice"), Defendant states as follows:

**I.     PROCESS, PLEADINGS, AND ORDERS**

1.     On August 24, 2022, Plaintiff Cherita Sagna filed a Complaint against Defendant designated as case No. 220802781 in the Court of Common Pleas of Philadelphia County, Pennsylvania. Plaintiff's Complaint ("Compl.") is attached as Exhibit A.

2.     On September 7, 2022, Plaintiff served Defendant with a Summons and a copy of the Complaint. Service of Process Transmittal and Attachments are attached as Exhibit B.

3.     Plaintiff's Complaint is a putative class action. She purports to represent "[a]ll current and former hourly workers that worked for or on behalf of Catapult Health PA in the past three years in Pennsylvania, who (1) were not paid for all hours worked, including both regular and overtime hours or (2) were not paid overtime at the correct blended rate." (Compl., ¶ 9.)

4.     The Complaint alleges Defendant violated the Pennsylvania Minimum Wage Act ("PMWA") by not paying Plaintiff and the putative class members at their regular rates for all

Case ID: 220802781

hours worked up to forty hours in a workweek and at time and a half for all hours worked over forty hours in a workweek.  (Compl., 32-33.)

5.       As per 28 U.S.C. § 1446(a), Exhibits A and B constitute all process, pleadings and orders served upon Defendant or filed or received by Defendant.

## II.    VENUE

6.       Because the Court of Common Pleas of Philadelphia County lies in the Eastern District of Pennsylvania, this Court is the appropriate venue for removal. *See* 28 U.S.C. §§ 118(a) and 1441(a).

## III.    DIVERSITY JURISDICTION EXISTS UNDER 28 U.S.C. § 1332(a)

7.       This Court has jurisdiction under 28 U.S.C. § 1332(a), which provides this Court with original jurisdiction when the matter in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states.

### A.    The Parties Are Diverse

8.       An individual is a citizen of the state in which he or she is domiciled with the intent to remain. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008).  To be domiciled in a state, a person must reside there and intend to remain indefinitely. *See Krasnov v. Dinan*, 465 F.2d 1298, 1300-01 (3d Cir. 1972).  A human person may have only one domicile, and thus, may be a citizen of only one state for diversity-jurisdiction purposes. *See Williamson v. Osenton*, 232 U.S. 619, 625 (1914).

9.       Although the Complaint does not allege the state in which Plaintiff is a citizen, domiciled, or resides, during her employment with Defendant, Plaintiff lived in Virginia.  Plaintiff still lives in Virginia.  She has lived there since 2000, evincing an intent to remain there indefinitely.  Accordingly, Plaintiff is a citizen of Virginia for purposes of diversity jurisdiction.

Case ID: 220802781

10.    Defendant is a professional association.    The Third Circuit has not directly addressed whether a professional association is treated as a corporation or an unincorporated association for diversity purposes. *See Dental Care of S. Jersey v. Ace Prop. & Cas. Ins. Co.*, No. 20-12480, 2020 U.S. Dist. LEXIS 269204, at * 5 (D. N.J. Sep. 11, 2020).    Regardless of whether this Court analyzes Defendant as a corporation or unincorporated association, Defendant is diverse from Plaintiff.

11.    For diversity purposes, an unincorporated association is deemed a citizen of each state where its members are citizens.    *United Steelworks of America v. R.H. Boulingy, Inc.*, 382 U.S. 145, 160 (1965).    Defendant has one member, who lives in Texas.    She has lived in Texas her entire life, evincing an intent to remain there.    Because Defendant's only member is a citizen of Texas, Defendant is a citizen of Texas for purposes of diversity jurisdiction if the Court analyzes it as an unincorporated association.

12.    Defendant is also a citizen of Texas if the Court analyzes it as a corporation.    For purpose of diversity jurisdiction, a corporation is deemed to be a citizen of the state in which it was incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is its "nerve center" – the place "where a corporation's officers direct, control, and coordinate the corporation's activities.    *Hertz Corp. v. Friend*, 599 U.S. 77, 92-93 (2010).    Defendant filed as a professional association in Texas with the state's Secretary of State and, therefore, was formed and organized in Texas.    Defendant identifies Texas as the state in its address on its Form 1120, the U.S. Corporation Income Tax Return.    Defendant's officers direct, control, and coordinate the corporation's activities from Texas.    Therefore, Defendant is a Texas citizen for diversity purposes if the Court analyzes it as a corporation.

Case ID: 220802781

**B.    The Amount In Controversy Exceeds $75,000**

13.    Under 28 U.S.C. § 1446(c), a defendant must establish by a preponderance of evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement.

14.    For jurisdictional purposes, "determining the amount in controversy begins with a reading of the complaint filed in the state court." *See Samuel-Bassett v. Kia Motors America, Inc.*, 357 F.3d 392, 398 (3d Cir. 2004). The Court, however, does not merely accept a plaintiff's contentions regarding the amount in controversy, but must analyze the legal claims to determine if a plaintiff's actual monetary demands exceed the $75,000 threshold. *Morgan v. Gay*, 471 F.3d 469, 474-75 (3d Cir. 2006).

15.    The "notice of removal may assert the amount in controversy" if the plaintiff is permitted to recover "damages in excess of the amount demanded[,]" and a removing defendant need only establish that it is more likely than not that the amount in controversy exceeds the jurisdictional minimum $75,000. *See* 28 U.S.C. § 1446(c)(2)(A).

16.    Although the Complaint does not assign specific values to damages, the $75,000 amount-in-controversy requirement of 28 U.S.C. § 1332(a) is satisfied because Plaintiff might recover over $75,000 on her claims, assuming the truth of the allegations in the Complaint. *See Denicola v. Progressive Direct Ins. Co.*, No. 3:09-cv-423, 2009 U.S. Dist. LEXIS 51372 (M.D. Pa. June 16, 2009) ("The defendant's burden is to establish that the plaintiff could in fact recover more than the jurisdictional amount.")

17.    Plaintiff alleges she worked for Defendant "from approximately July 2019 until September 2020." (Compl., ¶ 13.) She claims Defendant did not pay her two categories of wages. First, Plaintiff claims Defendant did not pay her at time-and-a-half for all hours worked over forty hours in a workweek. (Compl., ¶ 24.) Plaintiff claims she "regularly" worked over forty hours in a week and "routinely" worked fifty hours per week. (Compl., ¶¶ 24,33.) Her overtime hourly

Case ID: 220802781

rate was $28.50.  Plaintiff's alleged unpaid overtime is estimated as follows:  10 (hours of overtime per week) x 65[1] (weeks) x $28.50 (overtime rate) = $18,525.00.

18.    The second category of wages that Plaintiff alleges Defendant failed to pay her are wages reflecting the regular rate for all hours she worked up to forty hours in a workweek. (Compl., ¶ 32.)  Plaintiff's regular hourly rate was $19.00.  Conceivably,  Plaintiff could assert under that allegation Defendant paid her nothing for all hours she worked up to forty in a workweek, resulting in the following estimation for unpaid regular wages:  40 (hours per week) x 65 (weeks) x  $19.00 (regular hourly rate) = $49,400.00.

19.    Plaintiff also seeks to recover attorneys' fees.  Because attorneys' fees "alone can exceed six figures," *Raspa v. Home Depot*, 533 F. Supp. 2d 514, 522 (D. N.J. 2007) (denying motion to remand because the damages sought could exceed $75,000), the amount in controversy here exceeds $75,000.

20.    Again,  Plaintiff asserts Defendant is liable for back wages (approximately $67,925[2]) and her attorneys' fees.  (Compl., ¶ 81.)  Although Defendant denies any wrongdoing, Plaintiff's claims for recovery for regular and overtime wages – in addition to attorneys' fees – satisfy the amount in controversy threshold.  *See Prof'l Cleaning & Innovative Bldg. Servs., Inc. v. Kennedy*, 245 F. App'x 161, 162 n. 2 (3d Cir. 2007) ("When state law provides for the recovery of attorneys' fees by a successful plaintiff, those fees must be considered in calculating the jurisdictional amount in controversy"); *West Chest Univ. found. V. Metlife Ins. Co.*, No.15-3627, 2016 U.S. Dist. LEXIS 15437, at *8 (E.D. Pa. Feb. 8, 2016) (denying motion to remand after

---

[1] Plaintiff alleges she worked for Defendant "from approximately July 2019 until September 2020." (Compl., ¶ 13.)  There were sixty-five full weeks between July 1, 2019 and September 30, 2020. Therefore, based on the allegations in the Complaint, Plaintiff could seek wages for up to sixty-five weeks.

[2] $18,525.00 (back wages for overtime) + $49,400.00 (back wages for regular hours) = $67,925.00

Case ID: 220802781

including attorneys' fees because "under longstanding Supreme Court precedent, attorneys' fees must be considered as part of the total amount in controversy." (*citing Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1993))); *Alrich v. Univ. of Phoenix, Inc.*, No. 3:15-cv-00578, 2015 U.S. Dist. LEXIS 137916, at * 5 (W.D. Ky. Oct. 9, 2015)(denying motion to remand after accepting the plaintiff's salary amount as stated in the Notice.)

21.    Plaintiff has also not pleaded or stipulated that her damages are capped below $75,000, which weighs in favor of the conclusion that the amount-in-controversy threshold is cleared. *See Frederico v. Home Depot*, 507 F. 3d 188, 197 (3d Cir. 2007) (affirming removal where complaint sought an unspecified amount of damages).

22.    Based on the foregoing, Plaintiff's claims exceed $75,000 and, accordingly, this Court has jurisdiction under 28 U.S.C. § 1332(a).

## IV.    DIVERSITY JURISDICTION EXISTS UNDER 1332(d)

23.    An additional, and alternative, basis for this Court's jurisdiction is the Class Action Fairness Act ("CAFA"). 28 U.S.C. § 1332(d).

24.    CAFA grants federal district courts original jurisdiction over class action lawsuits filed under federal or state law when there are greater than 100 class members, one class member is a citizen of a different state from one defendant, and the matter in controversy exceeds five million dollars. 28 U.S.C. § 1332(d). CAFA authorizes removal of qualifying actions under 28 U.S.C. § 1446.

25.    This case meets each of CAFA's requirements for removal: (1) the putative class has at least 100 members; (2) there is diversity between at least one putative class member (here, Plaintiff) and one defendant; (3) the total amount in controversy exceeds $5,000,000.

Case ID: 220802781

**A.    There Are Over 100 Members In The Putative Class**

26.    Under CAFA, the number of members in the putative class must be 100 or more. 28 U.S.C. § 1332(d)(5)(B).  Plaintiff purports to sue under Rules 1701-16 of the Pennsylvania Rules of Civil Procedure on behalf of herself and others similarly-situated.  (Compl., ¶ 27.)

27.    Plaintiff pleads "[t]here are at least 100 similarly situated Class Members." (Compl., ¶ 69.)

28.    If Plaintiff is correct, CAFA's requirement that the putative class comprise 100 or more members is satisfied.  28 U.S.C. § 1332(d)(5)(B).

**B.    One Class Member Is Diverse From One Defendant**

29.    Removal of an action is proper under CAFA where there is diversity of citizenship between at least one class member and one defendant.  28 U.S.C. § 1332(d)(5)(A).

30.    Plaintiff is a citizen of Virginia because she has lived there since 2000, evincing an intent to remain there.

31.    "Under CAFA, suits brought by unincorporated associations are treated like suits brought by corporations in that the citizenship of the association for diversity purposes is determined by the entities' principal place of business." *Vodenichar v. Halcon Energy Prop.*, Inc., 733 F.3d 497, 504 n. 2 (3d Cir. 2013).  Because Defendant was formed and organized in Texas and has its principal place of business there, Defendant is a citizen of Texas under CAFA regardless of whether the Court analyzes it as a corporation or unincorporated association.

32.    Because Plaintiff is a citizen of Virginia and Defendant is a citizen of Texas, CAFA's diversity-of-citizenship requirement is satisfied.

**C.    Plaintiff Alleges $5,000,000, In The Aggregate, To Be In Controversy**

33.    To remove under CAFA, the amount in controversy must exceed the sum or value of $5,000,000, exclusive of interests and costs. 28 U.S.C. § 1332(d)(2).  The claims of the

Case ID: 220802781

individual class members in a class action are aggregated to determine if the amount in controversy exceeds $5,000,000.   28 U.S.C. § 1332(d)(6).   To meet CAFA's amount in controversy requirement, a defendant need only plausibly allege the aggregated claims of the individual class members will exceed $5,000,000. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014).

34.     A three-year statute of limitations applies to claims brought under the PMWA. *Curtis v. Cargill Meat Solutions Corp.*, No.3:CV-06-513, 2006 U.S. Dist. LEXIS 64634, at **8-9 (M.D. Pa. June 16, 2006).  Plaintiff alleges that, during the three years relevant to this lawsuit, Defendant did not pay the putative class members at their regular rate for all hours worked up to forty hours in a workweek and at time and a half for all hours worked over forty in a workweek. (Compl., ¶¶ 32-33.)

35.     Plaintiff claims she "regularly worked over 40 hours in a week" and "routinely worked 50 hours per week," and that Defendant "regularly mischaracterized the type of work performed by its employees (including Sagna) to avoid paying them in full for all the hours they worked including their overtime hours."  (Compl., ¶¶ 24-26; 39.)  Indeed, Plaintiff claims that regardless of job duties or titles, all putative class members "were not paid for all of their work, including overtime hours worked."  (Compl., ¶¶ 41-45.)

36.     If Plaintiff's allegations were true, it would be possible that the putative class's recovery could exceed $5,000,000, especially when an attorneys' fee award is included in the calculation.   Based on the Complaint's allegations, Plaintiff's back wages could amount to $67,925.00.  Therefore, the potential back wages for the putative class amount to approximately $6,792,500.00.[3]

---

[3] $67,925.00 (Plaintiff's estimated back wages) x 100 (bare minimum number of putative class members) = $6,792,500.00.

Case ID: 220802781

37.     Plaintiff has not limited the class recovery under $5,000,000, and seeks regular and overtime wages over a three year period for over 100 class members and attorneys' fees. (Compl., ¶¶ 32-33); *see Frederico*, F.3d at 197 (finding amount in controversy exceed $5,000,000 when the Complaint had not plead a specific damages value.)  Although Defendant denies that Plaintiff or the class she purports to represent is entitled to any monetary recovery, the amount in controversy based on the allegations in the Complaint could exceed the $5,000,000 CAFA amount in controversy requirements of 28. U.S.C. §§ 1332(d)(2) and (6).

## V.     COMPLIANCE WITH PROCEDURAL REQUIREMENTS

38.     Defendant timely filed this Notice of removal under 28 U.S.C. § 1446(b), as Defendant is filing it on October 6, 2022, which is within thirty days of September 7, 2022, when Defendant received the Complaint.

39.     Defendant has filed this Notice with this Court, serving a copy of this Notice on Plaintiff's counsel, and is filing a copy of this Notice in the Court of Common Pleas of Philadelphia County.

40.     Defendant reserves the right to submit further evidence supporting this Notice should Plaintiff move to remand.

Case ID: 220802781

## VI.   CONCLUSION

41.      WHEREFORE, having fulfilled all statutory requirements, Defendant respectfully request that the instant action pending against it in the Court of Common Pleas of Philadelphia County, Pennsylvania, be removed to this Court and request that this Court assume full jurisdiction over this matter as provided by law.

Respectfully submitted,

*s/ Matthew J. Hank*
Matthew J. Hank, (PA #86086)
Tanner McCarron (PA #327855)
**LITTLER MENDELSON, P.C.**
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA  19102.1321

Attorneys for Defendant
Catapult Health PA

Dated: October 6, 2022

Case ID: 220802781

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHERITA SAGNA, Individually and for Others Similarly Situated, | : | |
| | : | Case No. _____ |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CATAPULT HEALTH PA, | : | |
| | : | |
| Defendant. | : | |

### NOTICE TO ADVERSE PARTIES OF REMOVAL AND CERTIFICATE OF NOTICE TO PROTHONOTARY OF COURT OF COMMON PLEAS

Defendants give written notice to Plaintiff that a notice of removal under 28 U.S.C. §§ 1441, 1446, and 1332(a) or, in the alternative, 28 U.S.C. § 1332(d), was filed in the above-captioned matter on October 6, 2022.  Defendants, through counsel, also certify that a notice of said Filing and a copy of the notice of removal were filed with the Court of Common Pleas of Philadelphia County on October 6, 2022.

*s/ Matthew J. Hank*
Matthew J. Hank, (PA #86086)
Tanner McCarron (PA #327855)
**LITTLER MENDELSON, P.C.**
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA  19102.1321

Attorneys for Defendant
Catapult Health PA

Dated: October 6, 2022

11

Case ID: 220802781

## CERTIFICATE OF SERVICE

I, Tanner McCarron, hereby certify that on this 6th day of October 2022, I caused the foregoing Notice of Removal and all exhibits thereto to be served, via email and first-class mail, upon the following:

Camille Fundora Rodriguez
crodriguez@bm.net
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103

Michael A. Josephson
mjosephson@mybackwages.com
Andrew W. Dunlap
adunlap@mybackwages.com
Taylor S. Montgomery
tmontgomery@mybackwages.com
JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046

Richard J. (Rex) Burch
rburch@brucknerburch.com
BRUCKNER BURCH PLLC
11 Greenway Plaza, Suite 3025
Houston, Texas 77046

*Attorneys for Plaintiff*

*s/ Tanner McCarron*
Tanner McCarron

Dated: October 6, 2022

Case ID: 220802781

# EXHIBIT A

Case ID: 220802781



**MICHAEL A. JOSEPHSON**
PARTNER

September 7, 2022

*Via Hand-Delivery*
Catapult Health PA
c/o David L. Michel
5294 Belt Line Road, Suite 200
Dallas, TX 75254

Re:    Cause No. 220802781; *Cherita Sagna v. Catapult Health PA;*
In the Court of Common Pleas of Philadelphia County, Pennsylvania

Dear Mr. Michel,

Enclosed, please find a courtesy copy of Plaintiff's Notice to Defend and Original Class Action Complaint filed with the court in the above-mentioned matter.

Should you have any questions or concerns, please do not hesitate to contact our office at (713) 352-1100.

Sincerely,

/s/ *Liliana Landaverde*
Paralegal to Michael A. Josephson

Enclosed: as stated

Case ID: 220802781

IN THE COURT OF COMMON PLEAS *Filed and Attested by the*
PHILADELPHIA COUNTY, PENNSYLVANIA *Office of Judicial Records*
CIVIL DIVISION *24 AUG 2022 ??:55 pm*

| | |
|---|---|
| CHERITA SAGNA, Individually and for Others Similarly Situated, | § CIVIL ACTION-LAW |
| | § |
| | § Case No. 2208050693 |
| Plaintiff, | § |
| | § PLAINTIFF'S ORIGINAL |
| v. | § CLASS ACTION COMPLAINT |
| | § |
| CATAPULT HEALTH PA | § |
| | § Filed on behalf of Plaintiff, |
| Defendant | § Cherita Sagna |
| | § |
| | § Counsel of Record for this Party: |
| | § Michael A. Josephson |
| | § PA I.D. # 308410 |
| | § |
| | § Josephson Dunlap LLP |
| | § 11 Greenway Plaza, Ste. 3050 |
| | § Houston, Texas 77046 |
| | § Phone: (713) 352-1100 |
| | § Facsimile: (713) 352-3300 |
| | § |
| | § JURY TRIAL DEMANDED |

## NOTICE TO DEFEND

YOU HAVE BEEN SUED IN COURT. IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THIS COMPLAINT AND NOTICE ARE SERVED, BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. YOU ARE WARNED IF YOU FAIL TO DO SO, THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED IN THE COMPLAINT OR FOR ANY CLAIM OR RELIEF REQUESTED BY THE PLAINTIFF. YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER (OR CANNOT AFFORD ONE), GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW (TO FIND OUT WHERE YOU CAN GET LEGAL HELP). THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

OFFICE OF THE PROTHONOTARY
PHILADELPHIA CITY HALL
284 CITY HALL
PHILADELPHIA, PA 19107
(215) 686-6652

-1-

Case ID: 220802781
Case ID: 220802781

IN THE COURT OF COMMON PLEAS
PHILADELPHIA COUNTY, PENNSYLVANIA
CIVIL DIVISION

| | |
|---|---|
| CHERITA SAGNA, Individually and for Others Similarly Situated, | § CIVIL ACTION-LAW<br>§<br>§ Case No. 2208050693 |
| Plaintiff, | §<br>§ PLAINTIFF'S ORIGINAL<br>§ CLASS ACTION COMPLAINT |
| v. | § |
| CATAPULT HEALTH PA | §<br>§ Filed on behalf of Plaintiff, |
| Defendant | § Cherita Sagna<br>§<br>§ Counsel of Record for this Party:<br>§ Michael A. Josephson<br>§ PA I.D. # 308410<br>§<br>§ Josephson Dunlap LLP<br>§ 11 Greenway Plaza, Ste. 3050<br>§ Houston, Texas 77046<br>§ Phone: (713) 352-1100<br>§ Facsimile: (713) 352-3300<br>§<br>§ JURY TRIAL DEMANDED |

## ORIGINAL CLASS ACTION COMPLAINT

1.     Plaintiff Cherita Sagna (Sagna) brings this lawsuit pursuant to Pa. R. C. P. 1701, *et seq.*, to recover unpaid overtime wages and other damages from Defendant Catapult Health PA (Catapult) for herself and all others similarly situated under the Pennsylvania Minimum Wage Act (PMWA), 43 Pa. Stat. Ann. § 333.104.

2.     Catapult Health PA (Catapult) failed to pay Sagna and other similarly situated workers like her overtime as required under Pennsylvania law.

3.     Instead, Catapult failed to pay Sagna and other similarly situated workers for all compensable hours (including those in excess of 40 in a workweek) and improperly reduced the number of regular and overtime hours it paid them.

Case ID: 220802781
Case ID: 220802781

## JURISDICTION AND VENUE

4.       Pursuant to Pa. R. C. P. 1006, venue is proper in this Court because Defendant regularly conducts business in Philadelphia County, Pennsylvania. *See* 246 Pa. Code Rule 302(C)(2).

5.       Additionally, venue is proper before this Court because Catapult operates in Philadelphia County, Pennsylvania and because a substantial portion of the events giving rise to this action occurred in Philadelphia County, Pennsylvania.

## THE PARTIES

6.       Sagna was an hourly employee of Catapult and worked for Catapult from approximately July 2019 until September 2020 throughout various states, including Pennsylvania.

7.       Catapult excluded and mischaracterized certain compensable hours Sagna and the Class Members worked from the hours it used to calculate their pay, improperly reducing the number of weekly regular and overtime hours it paid them.

8.       Sagna brings this action individually and on behalf of hourly workers that worked for or on behalf of Catapult Health PA in the past three years in Pennsylvania, who were not paid for all hours worked, including both regular and overtime hours (collectively referred to as the Class Members).

9.       Sagna brings this action on behalf of herself and the class of all similarly situated employees (Class Members), properly defined as:

> All current and former hourly workers that worked for or on behalf of Catapult Health PA in the past three years in Pennsylvania, who (1) were not paid for all hours worked, including both regular and overtime hours; or (2) were not paid overtime at the correct blended rate. (Class Members).[1]

---

[1] The PMWA applies to Pennsylvania workers, regardless of the state in which the work is performed. *Truman v. DeWolff, Boberg & Assocs., Inc.*, No. 07-01702, 2009 WL 2015126, at *2 (W.D. Pa. July 7, 2009) ("In light of the FLSA's explicit recognition that states may offer greater protections to its employees than the FLSA, we are reluctant to find an unstated foreign-work exemption in the PMWA based solely on the fact that the FLSA contains such an exemption."). Courts apply a five-factor test for purposes of the PMWA and WPCL to determine whether workers are based in Pennsylvania, which

Case ID: 220802781
Case ID: 220802781

10.     The Class Members are easily ascertainable from Defendant's business and personnel records.

11.     Catapult Health PA is a Texas Professional Association doing business throughout the United States. Catapult may be served by serving its registered agent: David L. Michel, 5294 Belt Line Road, Suite 200, Dallas, TX 75254.

## THE FACTS

12.     Catapult provides in-person and virtual healthcare services to patients across the United States.[2]

13.     Sagna worked for Catapult as a Travelling Health Technician from approximately July 2019 until September 2022.

14.     Sagna worked for Catapult at various locations throughout the country, including Pennsylvania, Virginia, North Carolina, and Texas.

15.     As a Travelling Health Technician, Sagna administered the testing and screening of patients during their appointments with Catapult's healthcare providers and reported all patient information into Catapult's EMR (Electronic Medical Record) system.

16.     Although Sagna and the Class Members were regularly scheduled to work 9-hour shifts, they would frequently be required to work more than their scheduled shift.

17.     As a Travelling Health Technician, Sagna was regularly required "to report to work as early as 4 AM and end as late as 5 PM."[3]

---

include (1) Employer's headquarters; (2) Employee's physical presence working in Pennsylvania; (3) Extent of employee's contact with Pennsylvania Employer, *i.e.* reporting, direction, supervision, hiring, assignment, and termination; (4) employee's residence; and (5) Employee's ability to bring his claim in another forum. *See Matthews v. BioTelemtry. Inc.*, No. CV 18-561, 2018 WL 3648228, at *3 (E.D. Pa. July 31, 2018).

[2] *See* https://www.catapulthealth.com/virtualcheckup/ (last visited June 20, 2022).

[3] *See* https://www.linkedin.com/jobs/view/traveling-health-technician-dallas-tx-at-catapult-health-3014862265/ (last visited June 20, 2022).

Case ID: 220802781
Case ID: 220802781

18.     As a Travelling Health Technician, Sagna was regularly required "to travel overnight for at least 3 days (2 nights away) per week, consecutively."[4]

19.     As a Travelling Health Technician, Sagna was regularly required to travel "to and from events within a 100-mile radius."[5]

20.     Sagna reported the hours she worked to Catapult on a regular basis, including her travel time.

21.     Even though Sagna and the Class Members reported her hours worked (including travel time), Catapult did not pay them for all hours worked.

22.     If Sagna worked fewer than 40 hours in a week, she was only paid for the hours worked.

23.     If Sagna's combined work and travel time in a day exceeded 10 hours, she was only paid for 10 hours.  For example, if Sagna traveled 8 hours to a job location and worked for 8 hours that day, Sagna would only be compensated for 2 hours of travel time and 8 hours of work time.

24.     Sagna regularly worked over 40 hours in a week.  In fact, Sagna routinely worked 50 hours per week. The hours Sagna and the Class Members (defined above) work are reflected and recorded in Catapult's pay and time records.

25.     Catapult routinely failed to carefully and exactly record the hours their employees spent performing work on their behalf.

26.     Catapult regularly mischaracterized the type of work performed by its employees (including Sagna) to avoid paying them in full for all of the hours they worked, including their overtime hours.

---

[4] Id.
[5] Id.

Case ID: 220802781
Case ID: 220802781

27.     Catapult improperly paid Sagna and the Class Members at two or more different rates of pay in a single workweek and failed to accurately pay these workers using a legal blended rate.

28.     Instead, Catapult paid two different rates for overtime worked—clinic rates and variable rates—a practice which artificially reduced the amount of overtime the worker received each week.

29.     Additionally, Catapult failed to pay Sagna and the Class Members for all of the work they performed, specifically for:

    a.   Overnight travel away from their home community;

    b.   Travelling to and from special one-day assignments in another city;

    c.   Travelling to, from, and between job locations;

    d.   Work performed while travelling;

    e.   Attending mandatory training and compliance sessions;

30.     Catapult uniformly applied its illegal policy of excluding certain hours from compensation to Sagna and the Class Members, regardless of their specific job title or duties.

31.     Catapult's payment scheme violates the PMWA.

32.     Catapult did not pay Sagna and the Class Members at their regular rate for all hours worked up to 40 in a workweek.

33.     Catapult did not pay Sagna and the Class Members at time and a half for all hours worked over 40 in a workweek.

34.     Catapult was and is aware of the overtime requirements of the PMWA.

35.     Catapult nonetheless fails to pay certain employees, such as Sagna, overtime.

36.     Catapult's failure to pay overtime to these workers was, and is, a willful violation of the PMWA.

Case ID: 220802781
Case ID: 220802781

## CLASS ACTION ALLEGATIONS

37.    Sagna brings his claim under the PMWA as a class action. *See* 231 Pa. R. C. P. 1701, *et seq.* The Class Members are similarly situated to Sagna in all relevant respects.

38.    The Class Members were victimized by Defendant's uniform pay policy which is in violation of the PMWA.

39.    Other Class Members worked with Sagna and indicated they were paid in the same manner (without overtime and for less than all hours worked).

40.    Other Class Members worked with Sagna, and they performed similar right of way services for Defendant.

41.    Indeed, other Class Members worked with Sagna, and, regardless of their precise job title, their job duties were to perform right of way services in accordance with Defendant's policies, procedures, plans, and regulations.

42.    Based on his experiences with Defendant, Sagna is aware that Defendant's illegal pay plan was imposed on the Class Members.

43.    The Class Members are similarly situated in all relevant respects.

44.    Even if their precise job duties varied somewhat, these differences do not matter for the purposes of determining their entitlement to overtime.

45.    All the Class Members were not paid for all of their work, including overtime hours worked.

46.    All of the Class Members worked for Defendant in Pennsylvania and/or were based out of Pennsylvania while they worked for Defendant.

47.    The illegal payment scheme that Defendant imposed on Sagna was likewise imposed on all Class Members.

Case ID: 220802781
Case ID: 220802781

48.     Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the PMWA.

49.     The Class Members were similarly denied overtime when they worked more than 40 hours per week.

50.     The overtime owed to Sagna and the Class Members will be calculated using the same records.

51.     The overtime owed to Sagna and the Class Members will be calculated using the same formula.

52.     Sagna's experiences are therefore typical of the experiences of the Class Members.

53.     The specific job titles or precise job locations of the various members of the class do not prevent a class action.

54.     Sagna has no interest contrary to, or in conflict with, the Class Members that would prevent a class action.

55.     Like each Class Member, Sagna has an interest in obtaining the unpaid overtime wages owed under the PMWA.

56.     A class action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

57.     Absent a class action, many Class Members will not obtain redress of their injuries.

58.     Absent a class action, Defendant will reap the unjust benefits of violating the PMWA.

59.     Further, even if some of the Class Members could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system.

60.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Class Members, as well as provide judicial consistency.

Case ID: 220802781
Case ID: 220802781

61.     The questions of law and fact that are common to each Class Member predominate over any questions affecting solely the individual members.

62.     Among the common questions of law and fact are:

    a.  Whether Defendant's decision to not pay for all hours worked violated the PMWA;

    b.  Whether Defendant's failure to pay overtime at the correct blended rate violated the PMWA;

    c.  Whether Defendant's decision to not pay overtime compensation to these workers was made in good faith; and

    d.  Whether Defendant's illegal pay practice applied to all Class Members.

    e.  Sagna and the Class Members sustained damages arising out of Defendant's illegal and uniform compensation policy.

63.     Sagna knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class action.

64.     Defendant is liable under the PMWA for failing to pay overtime to Sagna and the Class Members.

65.     Consistent with Defendant's illegal pay plan, Sagna and the Class Members were not paid the proper premium overtime compensation when they worked more than 40 hours in a workweek.

66.     As part of their regular business practices, Defendant intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the PMWA with respect to Sagna and the Class Members.

67.     Defendant's illegal payment scheme deprived Sagna and the Class Members of the premium overtime wages they are owed under Pennsylvania law.

Case ID: 220802781
Case ID: 220802781

68.    Defendant was aware, or should have been aware, that the PMWA required them to pay Sagna and the Class Members overtime premiums for all hours worked in excess of 40 hours per workweek.

69.    There are at least 100 similarly situated Class Members who have been denied overtime pay during the relevant time period in violation of the PMWA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

70.    Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

### VIOLATIONS OF THE PMWA

71.    Sagna brings this claim under the PMWA as a class action.

72.    The conduct alleged violates the PMWA (43 Pa. Stat. Ann. § 333.104).

73.    At all relevant times, Defendant was subject to the requirements of the PMWA.

74.    At all relevant times, Defendant employed Sagna and each Class Member with Pennsylvania state law claims as an "employee" within the meaning of the PMWA.

75.    The PMWA covers and applies to all Class Members working in and based out of Pennsylvania, including Sagna, even if those Class Members worked in states others than Pennsylvania. *See Truman v. DeWolff, Boberg & Assocs., Inc.*, No. CIV. 07-01702, 2009 WL 2015126, at *2 (W.D. Pa. July 7, 2009).

76.    Sagna and the Class Members all worked for Defendant in Pennsylvania and/or were based out of Pennsylvania while working for Defendant.

77.    The PMWA requires employers like Defendant to pay employees at one and one-half (1.5) times the regular rate of pay for hours worked in excess of 40 in any one week. Sagna and the Class Members are entitled to overtime pay under the PMWA.

Case ID: 220802781
Case ID: 220802781

78.    Sagna and each Class Member seek unpaid overtime in amount equal to 1.5 times the regular rate of pay for work performed in excess of 40 in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

79.    Sagna and each Class Member also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by Defendant, as provided by the PMWA.

<u>**JURY DEMAND**</u>

80.    Sagna demands a trial by jury.

<u>**RELIEF SOUGHT**</u>

81.    WHEREFORE, Sagna prays for judgment and all other legal and equitable relief they may be entitled, as follows:

 a.    For an Order certifying the Class pursuant to 231 Pa. R. C. P. 1701, *et seq.*

 b.    For an Order pursuant to PMWA finding Defendant liable for unpaid back wages due to Sagna and all the Class Members, attorney fees, costs, penalties, and pre- and post-judgment at the highest rates allowed by law; and

 c.    For an Order granting such other and further relief as may be necessary and appropriate.

Dated: August 24, 2022                          Respectfully submitted,

                                                By: */s/ Camille Fundora Rodriguez*
                                                **Camille Fundora Rodriguez**
                                                PA. I.D. No. 312533
                                                crodriguez@bm.net
                                                **BERGER MONTAGUE PC**
                                                1818 Market Street, Suite 3600
                                                Philadelphia, PA 19103
                                                215-875-4635 – Telephone
                                                215-875-4604 – Facsimile

                                                **Michael A. Josephson**
                                                PA I.D. No. 308410
                                                mjosephson@mybackwages.com
                                                **Andrew W. Dunlap**
                                                Texas Bar No. 24078444

Case ID: 220802781
Case ID: 220802781

adunlap@mybackwages.com
**Taylor S. Montgomery**
Texas Bar No. 24106326
tmontgomery@mybackwages.com
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile

AND

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
rburch@brucknerburch.com
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile

**ATTORNEYS IN CHARGE FOR PLAINTIFF**

Case ID: 220802781
Case ID: 220802781

# EXHIBIT B

Case ID: 220802781

NO. 220802781

| | | |
|---|---|---|
| CHERITA SAGNA | * | IN THE COURT OF |
| PLAINTIFF | * | |
| | * | |
| | * | |
| VS. | * | COMMON PLEAS OF |
| | * | |
| | * | |
| | * | |
| CATAPULT HEALTH PA. | * | |
| DEFENDANTS | * | PHILADELPHIA COUNTY, PENNSYLVANIA |

*Filed and Attested by the Office of Judicial Records 13 SEP 2022 02:44 pm B. MERCEDES*

## AFFIDAVIT OF SERVICE

BEFORE ME, the undersigned authority, on this day appeared
CRYSTAL STRONG after being duly sworn did upon oath state the following:

"My name is CRYSTAL STRONG I am over the age of eighteen (18) years and I am fully competent to testify to matters stated in this affidavit. I have personal knowledge of the facts and statements contained in this affidavit and each is true and correct. I am an authorized person to serve process in the state of Texas. I am not a party to the plaintiff/petitioner or the defendant/respondent in the matter, and am competent to make oath of the facts stated below."

Came to hand on the 7th day of SEPT 2022, at 1:00 o' clock P.M.

Executed at 5294 BELT LINE ROAD, SUITE 200, DALLAS, TEXAS within

the county DALLAS of at 1:36 o'clock P.M. on the 7th day of SEPTEMBER, 2022, by delivering to

the within named CATAPULT HEALTH PA, C/O DAVID L. MICHEL true copy of the PLAINTIFF'S

NOTICE TO DEFEND AND ORIGINAL CLASS ACTION COMPLAINT having first endorsed on the

same date of delivery.

Signed this 8 day of September, 2022.

By: _____
CRYSTAL STRONG
PSC#: 19712
Exp.3/31/2023

SUBSCRIBED AND SWORN TO BEFORE ME this _____8th_____ day of

September, 2022.

_____
Notary Public, State of Texas

Page 1 of 1

JS 44  (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

CHERITA SAGNA, Individually and for Others Similarly Situated

**(b)** County of Residence of First Listed Plaintiff    Prince Edward, Virginia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Camille Fundora Rodriguez
Berger Montague PC

## DEFENDANTS

CATAPULT HEALTH PA

County of Residence of First Listed Defendant    Dallas County, Texas
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Matthew J. Hank
Tanner McCarron
Littler Mendelson, P.C.

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☐ 2  U.S. Government Defendant

☐ 3  Federal Question *(U.S. Government Not a Party)*

☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT

☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

### REAL PROPERTY

☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury - Medical Malpractice

### CIVIL RIGHTS

☐ 440 Other Civil Rights
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 448 Education

**PERSONAL INJURY**
☐ 365 Personal Injury - Product Liability
☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

### PRISONER PETITIONS

**Habeas Corpus:**
☐ 463 Alien Detainee
☐ 510 Motions to Vacate Sentence
☐ 530 General
☐ 535 Death Penalty
**Other:**
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY

☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

### LABOR

☐ 710 Fair Labor Standards Act
☐ 720 Labor/Management Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☒ 790 Other Labor Litigation
☐ 791 Employee Retirement Income Security Act

### IMMIGRATION

☐ 462 Naturalization Application
☐ 465 Other Immigration Actions

### BANKRUPTCY

☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS

☐ 820 Copyrights
☐ 830 Patent
☐ 835 Patent - Abbreviated New Drug Application
☐ 840 Trademark

### SOCIAL SECURITY

☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### FEDERAL TAX SUITS

☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES

☐ 375 False Claims Act
☐ 376 Qui Tam (31 USC 3729(a))
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit (15 USC 1681 or 1692)
☐ 485 Telephone Consumer Protection Act
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/ Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Information Act
☐ 896 Arbitration
☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC Secs. 1441, 1446, 1332(a), and § 1332(d)

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
10/06/2022

SIGNATURE OF ATTORNEY OF RECORD
s/ Tanner McCarron

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

Case ID: 220802781

JS 44 Reverse (Rev. 09/19)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

Case ID: 220802781

Case 2:22-cv-03975-BMS    Document 1-4    Filed 10/06/22    Page 1 of 1

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 11610 Farmville Road, Meherrin, Virginia 23954 _____

Address of Defendant: _____ 8144 Walnut Hill Lane, Ste 1100, Dallas, Texas 75231 _____

Place of Accident, Incident or Transaction: _____

---

*RELATED CASE, IF ANY:*

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☐

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10/06/2022    s/ Tanner McCarron    327855
    Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

*A.    Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    *(Please specify): _____*

*B.    Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify): _____*
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☑ All other Diversity Cases
    *(Please specify): _____*

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Tanner McCarron _____, counsel of record *or pro se* plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 10/6/22    s/ Tanner McCarron    327855
    Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*    Case ID: 220802781